# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50902
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Everardo Joe Flores-Salcido,

*Defendant—Appellant*,

consolidated with

---

No. 22-50903

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Everado Flores-Salcido,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas

USDC Nos. 4:19-CR-186-1,
4:22-CR-343-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Everado Joe Flores-Salcido's appeal of the six-month sentence of imprisonment imposed following his guilty plea conviction for illegal reentry after deportation from the United States has been consolidated with his appeal of the judgment revoking the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Flores-Salcido challenges the district court's application of the enhanced penalty range in § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He raises the issue to preserve it for further review and has filed an unopposed motion for summary disposition, correctly conceding that it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Flores-Salcido's motion is GRANTED, and the district court's judgment is AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.